UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN REAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:17-cv-03374-SEB-MPB |
| ) | |
| INDIANA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| TAMMY TROXELL, ) | |
| KIM STAFFORD, ) | |
| ALISHA RICHEY, ) | |
| ) | |
| Defendants. ) | |

**Entry Screening and Dismissing Complaint and
Directing Plaintiff to Show Cause**

**I. Background**

Plaintiff Kevin Reaves is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He has paid the initial partial filing fee.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Screening

The complaint is brought under 42 U.S.C. § 1983 and names the following defendants: 1) Indiana Department of Corrections; 2) counselor Tammy Troxell; 3) classification supervisor Kim Stafford; and 4) LPN Alisha Richey. All of the individual defendants are or were employed at the Correctional Industrial Facility, where Mr. Reaves was confined at the time he filed this action. Mr. Reaves seeks 50 million dollars in compensatory damages.

*Allegations*

Mr. Reaves alleges that he is albino and that his race is black. In early 2016, when asked by his counselor Ms. Troxell whether he was black or white, he "lied" and told her he was white. Dkt. 1, p. 3. He then asked for a special move because "the n***s were extorting me and my vision does not allow me to protect myself." *Id.* Within a matter of hours, Ms. Troxell and the classification supervisor Kim Stafford allowed him to move to the dorm of his choice. He alleges that they "both fell into the trap that I laid for them." *Id.* When he stopped by Ms. Troxell's office to say "thank you," she allegedly replied, "I support my race highly!" She told him to watch himself and "don't feed the monkeys." *Id.*

Mr. Reaves alleges that Ms. Troxell's and Ms. Stafford's ignorance about albinos led them to assume he was white and to then show him favors. He alleges that this was racism.

Mr. Reaves further alleges that Alisha Richey, Ms. Troxell's daughter, an L.P.N. at the facility, removed him from all chronic care medical attention, even though he is legally blind,

has diabetes and high cholesterol, because he refused to take Lipitor which he believes is bad for his liver. He contends that this was medical malpractice.

Mr. Reaves also is "willing to bet" that Ms. Richey removed him from chronic care "in retaliation for her mom" because she did so immediately after he filed a lawsuit *Reaves v. IDOC,* 1:17-cv-1287-JMS-DML on April 24, 2017. Dkt. 1, p. 4.

*Analysis*

For the reasons set forth below, the complaint fails to state a claim upon which relief can be granted.

Any claim for damages brought against the Indiana Department of Correction is **dismissed for failure to state a claim upon which relief can be granted** because the State or a state agency is not a "person" under § 1983 and cannot be sued in federal court due to Indiana's Eleventh Amendment immunity. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

The Court has construed the claim against Ms. Troxell and Ms. Stafford as one of equal protection under the Fourteenth Amendment. To succeed on an equal protection claim, a plaintiff must "show that he is a member of a protected class and that: (1) he is similarly situated to members of the unprotected class, (2) he was treated differently than members of the unprotected class, and (3) the defendant acted with discriminatory intent." *Greer v. Amesqua,* 212 F.3d 358, 370 (7th Cir. 2000). To state a viable claim, Mr. Reaves would have to allege that as an African American inmate, he was treated differently than white inmates who asked to be moved to a different dorm. He has not alleged any different treatment to similarly situated white inmates, nor has he alleged any harm from his being moved to a different dorm. He essentially alleges that he

has benefited from the defendants' action, not denied any privileges that other races enjoy. In addition, although the alleged language used by Ms. Troxell is extremely offensive and unprofessional, verbal harassment of an inmate does not state a viable claim under the Constitution. *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016).

With respect to his being removed from chronic care because he refused to take a certain medication, Mr. Reaves has not alleged that he has been denied any necessary medical treatment. He has not alleged facts sufficient to state a claim of deliberate indifference to a serious medical need. Even allegations of medical malpractice do not state a claim of deliberate indifference under the Eighth Amendment. *See Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010) (medical malpractice is not enough to support a deliberate indifference claim in violation of the Eighth Amendment.).

Finally, to state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (internal quotation omitted). The complaint does not provide a factual basis to support the second and third elements. Mr. Reaves' removal from chronic care scheduling is not a deprivation likely to prevent him from filing future lawsuits under the circumstances alleged. Moreover, the Court takes judicial notice that in Case No. 1:17-cv-1287-JMS-DML, Mr. Reaves did not name Ms. Richey or Ms. Troxell as a defendant. There is no plausible basis on which to conclude that the lawsuit motivated Ms. Richey's conduct. Neither she nor her mother were named as defendants and there is no basis to conclude she was

even aware of the lawsuit. Mr. Reaves' theory of retaliation thus fails to state a claim upon which relief can be granted.

### III. Show Cause

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through February 20, 2018,** in which to either show cause why Judgment consistent with this Entry should not issue or file an amended complaint which cures the deficiencies discussed in this Entry. Any amended complaint would completely replace the original complaint and therefore must be complete. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 1/19/2018

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN REAVES, 161700
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only